Statement of BREYER, J.

# SUPREME COURT OF THE UNITED STATES

_____

No. 17–7855 (17A900)

_____

### DOYLE LEE HAMM _v._ JEFFERSON S. DUNN, COMMISSIONER, ALABAMA DEPART-MENT OF CORRECTIONS, ET AL.

ON APPLICATION FOR STAY AND ON PETITION FOR A WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

[February 22, 2018]

The motion for leave to file documents under seal with redacted copies for the public record is granted. The application for stay of execution of sentence of death presented to JUSTICE THOMAS and by him referred to the Court is denied. The petition for a writ of certiorari is denied. The order heretofore entered by JUSTICE THOMAS is vacated.

JUSTICE BREYER, respecting the denial of the application for stay and the denial of certiorari.

This case reflects the special circumstances of trying to execute a person who has been on death row for 30 years and has cancer. As I have previously written, rather than develop a "constitutional jurisprudence that focuses upon the special circumstances of the aged," I would reconsider the constitutionality of the death penalty itself. _Dunn_ v. _Madison_, 583 U. S. ___, ___ (2017) (BREYER, J., concurring) (slip op., at 3).

# SUPREME COURT OF THE UNITED STATES

_____

No. 17–7855 (17A900)

_____

## DOYLE LEE HAMM *v.* JEFFERSON S. DUNN, COMMISSIONER, ALABAMA DEPART-MENT OF CORRECTIONS, ET AL.

### ON APPLICATION FOR STAY AND ON PETITION FOR A WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

[February 22, 2018]

JUSTICE GINSBURG, with whom JUSTICE SOTOMAYOR joins, dissenting from the denial of the application for stay and the denial of certiorari.

Petitioner Doyle Lee Hamm is a 61-year-old Alabama inmate whose medical conditions leave him in a vulnerable physical state. An independent physician, appointed by the District Court, determined that "no veins in either [of his arms] would be readily accessible" for the placement of the two intravenous catheters Alabama's lethal-injection execution protocol requires. *Hamm* v. *Commissioner, Alabama Department of Corrections*, No. 18–10636 (CA11, Feb. 22, 2018), p. 5. Nonetheless, a panel of the Eleventh Circuit has affirmed the District Court's denial of Hamm's request for a preliminary injunction barring intravenous lethal injection. The District Court and Eleventh Circuit erroneously premised their rejection of Hamm's claims on novel understandings about how Hamm's execution would be carried out—understandings gleaned from a stipulation and an affidavit to which Hamm was given no opportunity to respond. An adversarial process should have tested the risk of "serious illness and needless suffering," *Glossip* v. *Gross*, 576 U. S. \_\_\_, \_\_\_ (2015) (slip op., at 12) (quoting *Baze* v. *Rees*, 553 U. S.

35, 50 (2008)), presented by the insertion of intravenous catheters into Hamm's leg or central veins. That method of execution, although it fits within the compass of the State's execution protocol, has, by all accounts before us, never been tried before in Alabama. I therefore respectfully dissent from the denial of certiorari.